UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JENNIFER M. GLORE,                                                  Plaintiff,

v.                                         Civil Action No. 3:18-cv-425-DJH

RXC ACQUISITION COMPANY,                              Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jennifer Glore alleges that her employer, Defendant RXC Acquisition Company, discriminated against her, in violation of the Kentucky Civil Rights Act. (D.N. 1-1) Glore contends that RXC was negligent in hiring, retaining, and supervising her co-workers; wrongfully terminated her; and intentionally caused her to suffer emotional distress. (*Id.*) RXC asks the Court to dismiss Glore's complaint for failure to state a claim. (D.N. 5-1) After careful consideration, the Court concludes that Glore has failed to state a plausible claim for relief.

**I.**      **BACKGROUND**

Glore alleges that while working for RXC, she was subjected to unspecified "race-based, offensive" treatment by her co-workers.[1] (D.N. 1-1, PageID # 7) Although Glore reported this discriminatory conduct, RXC did not remedy the problem; instead, RXC allegedly discharged Glore in retaliation for her complaints. (*Id.*, PageID # 9) Glore claims to have suffered physical and mental distress as a result of RXC's actions. (*Id.*, PageID # 7) She seeks compensatory and punitive damages for RXC's alleged violations of the Kentucky Civil Rights Act; wrongful termination; negligent hiring, retention and supervision; and intentional infliction of emotional

---

[1] The Court notes that Glore's complaint does not include basic factual details such as the dates of her employment or when the alleged discrimination occurred.

distress. (D.N. 1-1) RXC asks the Court to dismiss Glore's claims on the ground that she has failed to satisfy the federal pleading standard. (D.N. 5-1)

## II. STANDARD

The Federal Rules of Civil Procedure apply to all civil proceedings in federal district courts, including removed cases. Fed. R. Civ. P. 1, 81(c); *see also Armstrong v. Shirvell*, 596 F. App'x 433, 444 (6th Cir. 2015); *Vanhook v. Somerset Health Facilities*, LP, 67 F. Supp. 3d 810, 815 (E.D. Ky. 2014). Thus, "federal pleading requirements under Rule 8 and the *Twombly–Iqbal* standard apply to removed complaints, even where the state pleading standard is more lenient."[2] *Vanhook*, 67 F. Supp. 3d at 815. Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed unless the "complaint [contains] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires the plaintiff to present enough factual matter to support each element of each of her claims. *Id.*; *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 435 (6th Cir. 1988). When evaluating whether this pleading standard has been satisfied, the Court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

---

[2] In her response to RXC's motion to dismiss, Glore incorrectly relies on the more lenient Kentucky pleading standard. (D.N. 6, PageID # 35)

## III. DISCUSSION

Viewed in the light most favorable to Glore, the complaint fails to satisfy the federal pleading standard.

### A. Count One

Glore asserts that RXC violated the Kentucky Civil Rights Act. (D.N. 1-1, PageID # 7-8) In support of this claim, Glore states merely that she was subjected to "race-based, offensive behavior at the workplace while employed with [RXC]." (*Id.*)

To state a plausible claim of discrimination under the KCRA, Glore's complaint must "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [RXC] discriminated against her." *Bargo v. Goodwill Indus. of Ky., Inc.*, 969 F. Supp. 2d 819, 825 (E.D. Ky. 2013) (quoting *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)). Glore's complaint is devoid of any factual content; she claims discrimination without alleging any specific instance of such conduct. (D.N. 1-1, PageID # 7-9) *See Levinson v. Mucker*, 289 F. Supp. 2d 848, 854 (W.D. Ky. 2003) (finding that plaintiff failed to state a claim of disability discrimination because he did not include specific facts alleging that he had a disability); *cf. Young v. Smithfield Farmland Corp.*, No. CV 6: 17-143-DCR, 2017 WL 4287546, at *2 (E.D. Ky. Sept. 27, 2017) (finding that plaintiff sufficiently stated a claim of sex discrimination under the KCRA because she included specific instances of disparate treatment and named those who were allegedly discriminating against her). Glore's bare assertion that she was "subjected to race-based, offensive behavior" does not provide enough factual information for the Court to infer discrimination. (*Id.*, PageID # 7) Therefore, Glore did not provide the factual basis necessary to state a plausible claim of discrimination under the KCRA.

### B. Count Two

In Count Two of her complaint, Glore contends that RXC was negligent in hiring, retaining, and supervising the employees who discriminated against her. (D.N. 1-1, PageID # 7-8) To make out a claim for negligent hiring, retention, or supervision under Kentucky law, a plaintiff must allege that the "employer knew or had reason to know of the risk created by the employee." *Hampton v. Bob Evans Transp. Co.,* No. CV 6: 18-143-DCR, 2018 WL 3213609, at *2-3 (E.D. Ky. June 29, 2018) (quoting *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009)); *see also Booker*, 350 F.3d at 518; *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000); *Virgil v. City of Newport*, No. CV 16-224-DLB-CJS, 2018 WL 344986, at *16 (E.D. Ky. Jan. 9, 2018). In *Hampton*, the plaintiff alleged that "Bob Evans[ ] negligently trained, hired and/or supervised [its employee." 2018 WL 3213609, at *2. The court explained that Hampton's complaint did not satisfy the federal pleading standard because "bare legal conclusions unsupported by factual allegations," do not establish a plausible claim for relief. *Id.* at 3.

Here, Glore's complaint does not include any factual content to support a claim of negligent hiring, retention, or supervision. (D.N. 1-1, PageID # 7-8) Glore merely states that "[she] informed management of continued problems stemming from discriminatory behavior from other employees, [but RXC] failed and refused to take any corrective action." (D.N. 1-1, PageID # 8) Count Two of her complaint thus cannot survive Rule 12(b)(6) motion scrutiny.

### C. Count Three

Count Three of Glore's complaint contends that RXC wrongfully terminated Glore, in violation of public policy. (D.N. 1-1, PageID # 8-9) Specifically, Glore alleges that she complained to RXC about the discrimination she was experiencing and that she was fired for doing so. (*Id.*, PageID # 8) Glore cites the KCRA as evidence of Kentucky's public policy against

wrongful termination. (*Id.*) However, under Kentucky law, "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute" and cannot assert a claim arising from public policy. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (citation omitted); *see also Hume v. Quickway Transp., Inc.*, No. 3:16-CV-00078-JHM, 2016 WL 3349334, at *7 (W.D. Ky. June 15, 2016); *Sparks v. Fid. Corp. Real Estate, Inc.*, No. CV 16-25-DLB-JGW, 2016 WL 4069275, at *4 (E.D. Ky. July 28, 2016). Because "[t]he [KCRA] not only creates the public policy but preempts the field of its application" to wrongful termination claims, *Grzyb*, 700 S.W.2d at 401, Count Three of Glore's complaint must be dismissed. *See Hume*, 2016 WL 3349334, at *7.

**D.     Count Four**

Glore next asserts that RXC retaliated against her for reporting the discriminatory behavior of her supervisors, in violation of the KCRA. (D.N. 1-1, PageID # 9) To state a claim of retaliation, Glore's complaint must allege that she engaged in an activity protected by the KCRA. *Himmelheber v. ev3, Inc.*, No. CIV.A. 3:07-CV-593H, 2008 WL 360694, at *2 (W.D. Ky. Feb. 8, 2008) (citing Ky. Rev. Stat. § 344.280). Protected activities include opposing a practice declared unlawful by the KCRA, such as discrimination, or making a complaint regarding such unlawful activity. Ky. Rev. Stat. § 344.280(1); *see Himmelheber*, 2008 WL 360694, at *2.

Here, Glore alleges that she made a complaint of discriminatory behavior to RXC and that RXC retaliated by firing her. (D.N. 1-1, PageID # 9) However, discriminatory behavior is only an unlawful act under the KCRA if practiced by an "employer" as defined in the KCRA. *Owens v. Ward*, No. CIV.A. 5:08-CV-413-K, 2009 WL 482097, at *6 (E.D. Ky. Feb. 25, 2009), aff'd, 406 F. App'x 936 (6th Cir. 2011); *Himmelheber*, 2008 WL 360694, at *2-3. Under the KCRA, an "employer" is a person who has eight or more employees, employed within Kentucky for at least

5

twenty weeks a year. Ky. Rev. Stat. § 344.030. Glore does not allege any facts from which the Court could infer that RXC qualifies as an "employer" under the KCRA; her complaint contains no allegations regarding the number of RXC's employees or the length of their employment. (*See* D.N. 1-1) Glore's retaliation claim will be dismissed. *See Himmelheber*, 2008 WL 360694, at *2-3.

  **E.**  **Count Five**

In Count Five of her complaint, Glore alleges that RXC intentionally caused her to suffer emotional distress. (D.N. 1-1, PageID # 10) To sustain a claim of intentional infliction of emotional distress under Kentucky law a plaintiff must allege that "(1) the wrongdoer's conduct [was] intentional or reckless, (2) the conduct was outrageous and intolerable such that it offends the generally accepted standards of decency and morality, (3) . . . [a] causal connection between the wrongdoer's conduct and the plaintiff's injuries [exists], and (4) the emotional distress must be severe." *Sacharnoski v. Capital Consol., Inc.*, 187 F. Supp. 2d 843, 845 (W.D. Ky. 2002) (quoting *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)). Again, Glore offers only conclusory statements; she alleges that "[RXC] engaged in intentional and/or reckless conduct that was greatly offensive to [her], as it would be for any reasonable person," but she does not identify or describe the wrongful conduct. (D.N. 1-1, PageID # 10) Conclusory allegations, without any supporting facts, cannot survive a motion to dismiss. *Allen v. NCL Am. LLC*, 741 F. App'x 292, 296 (6th Cir. 2018), *reh'g denied* (Aug. 7, 2018) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). As Glore did not include even one factual example of RXC's alleged offensive conduct, she has failed to state a claim for intentional infliction of emotional distress. *Id.*

### F. Count Six

Next, Glore alleges that RXC is vicariously liable for the discriminatory behavior of its employees. (D.N. 1-1, PageID # 10) Under Kentucky law, an employer is vicariously liable for the tortious conduct of its employees if the conduct occurred within the course and scope of employment. *Booker v. FTE.net LLC*, 350 F.3d 515, 518 (6th Cir. 2003). However, because Glore did not present a plausible tort claim, she also failed to allege any tortious conduct for which RXC can be vicariously liable. *See Bargo v. Goodwill Indus. of Ky., Inc.*, 969 F. Supp. 2d 819, 830 (E.D. Ky. 2013) (finding that because plaintiff failed to plead a plausible claim against the defendant, the plaintiff necessarily "failed to allege any tortious conduct for which [the defendant could] be held vicariously liable."). Therefore, Glore's vicarious-liability claim fails.

### G. Count Seven

Finally, Glore asserts that she should be awarded punitive damages for the gross negligence of RXC. (D.N. 1-1, PageID # 11) "[U]nder Kentucky law, punitive damages 'are a remedy, not a cause of action.'" *Archey v. AT&T Mobility, LLC*, No. CV 17-91-DLB-CJS, 2017 WL 6614106, at *4 (E.D. Ky. Dec. 26, 2017) (quoting *Russell v. Citi*, No. 2:12-cv-16-DLB, 2012 WL 594745, at *2 (E.D. Ky. Nov. 28, 2012); *see also Horton v. Union Light, Heat, & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985) ("[A] punitive damages claim is not an independent cause of action, but . . . certain torts entitle a plaintiff to punitive damages."). But because Glore has failed to state a claim, no punitive damages can be awarded.

## IV.　CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that RXC Acquisition Company's motion to dismiss (D.N. 5) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

January 25, 2019

**David J. Hale, Judge**
**United States District Court**